# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **CHRISTINE GLAHN,** | CIVIL ACTION NO. 3:16-CV-592 |
| Plaintiff | (Chief Judge Conner) |
| v. | |
| **NANCY A. BERRYHILL**, Acting Commissioner of Social Security, | |
| Defendant | |

## ORDER

AND NOW, this 2nd day of July, 2018, upon consideration of the report (Doc. 16) of Magistrate Judge Joseph F. Saporito, Jr., recommending the court grant the appeal (Doc. 1) of Christine Glahn ("Glahn") from the decision of the administrative law judge ("ALJ") denying Glahn's application for a period of disability, disability insurance benefits, and supplemental security income, and remand this matter for further proceedings in accordance with sentence four of 42 U.S.C. § 405(g), wherein Judge Saporito opines that the administrative law judge's decision is not "supported by substantial evidence," 42 U.S.C. § 405(g), and the court noting the Commissioner of Social Security ("Commissioner") objected to the report, (Doc. 17); see FED. R. CIV. P. 72(b)(2), and Glahn filed a response (Doc. 18) thereto, and following *de novo* review of the contested portions of the report, see Behar v. Pa. Dep't of Transp., 791 F. Supp. 2d 383, 389 (M.D. Pa. 2011) (citing Sample v. Diecks, 885 F.2d 1099, 1106 n.3 (3d Cir. 1989); 28 U.S.C. § 636(b)(1)(C)), and applying a clear error standard of review to the uncontested portions, see Cruz v. Chater, 990 F. Supp. 375, 376-78 (M.D. Pa. 1999), the court being in agreement with Judge Saporito that the decision of the

administrative law judge is not "supported by substantial evidence," 42 U.S.C. § 405(g); Fargnoli v. Massanari, 247 F.3d 34, 38 (3d Cir. 2001), and finding Judge Saporito's analysis to be thorough, well-reasoned, and fully supported by the record, and further finding the Commissioner's objection to be without merit and squarely addressed by the report,[1] it is hereby ORDERED that:

1. The report (Doc. 16) of Magistrate Judge Saporito is ADOPTED.

2. The Clerk of Court shall enter judgment in favor of Glahn and against the Commissioner as set forth in the following paragraph.

3. The Commissioner's decision is VACATED and this matter is REMANDED to the Commissioner with instructions to conduct a new administrative hearing, develop the record fully, and evaluate the evidence appropriately in accordance with this order and the report (Doc. 16) of Magistrate Judge Saporito.

4. The Clerk of Court is directed to CLOSE this case.

    /S/ CHRISTOPHER C. CONNER
Christopher C. Conner, Chief Judge
United States District Court
Middle District of Pennsylvania

---

[1] The Commissioner's singular objection is grounded in a misinterpretation of Judge Saporito's report. The Commissioner argues that "medical opinions are not required for an ALJ to render a disability determination" and posits that Judge Saporito erroneously opines to the contrary. (Doc. 17 at 2, 9, 14). This argument misapprehends both Judge Saporito's summary of applicable legal principles and the legal analysis which follows. The report does not hold that an ALJ can never determine the claimant's residual functional capacity ("RFC") without a medical opinion. Instead, it notes that in the "rare[]" situation in which an ALJ can decide an RFC without a physician's assessment, the ALJ must nonetheless "meet certain basic substantive requirements," including "a clear and satisfactory explication of the basis on which [the RFC] rests." (Doc. 16 at 42-43 (quoting Cotter v. Harris, 642 F.2d 700, 704 (3d Cir. 1981))). We agree with the report that the ALJ's decision lacks requisite explication supporting the RFC.